**NOT FOR PUBLICATION**

**FILED**

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50017 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00004-JVS-2 |
| v. | |
| ERIC HOLMES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, Senior District Judge, Presiding

Submitted August 10, 2020**
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and WATSON,*** District
Judge.

Defendant, Eric Holmes, pleaded guilty to bank fraud and aggravated

identity theft in 2018. The plea agreement was between defendant and the United

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael H. Watson, United States District Judge for the
Southern District of Ohio, sitting by designation.

States Attorney's Office—neither the district court nor the Probation Office were parties to the agreement. The plea agreement contemplated a restitution amount of $27,400, but both parties agreed that the amount could change based on facts that came to the parties' attention at sentencing.

At sentencing, the probation officer's Presentence Investigation Report ("PSR") declined to follow the plea bargain's figures and recommended a higher restitution amount of $50,690, based on the actual loss suffered by the bank due to Holmes's fraudulent activities. Both parties objected to the PSR's restitution amount. The probation officer countered that the amount was calculated based on the case materials provided by the Government and her application of the sentencing guidelines.

At a subsequent sentencing hearing, the district court adopted the PSR's loss amount over the parties' objections. In a separate sentencing memorandum, the district court concluded that the parties had no substantive basis for their objection and that the PSR's calculation was valid.

Defendant appealed the restitution amount imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. The district court did not abuse its discretion by imposing the restitution amount recommended by the PSR. *See United States v. Waknine*, 543 F.3d 546,

555 (9th Cir. 2008).  The district court has broad discretion in ordering restitution, *United States v. Miguel*, 49 F.3d 505, 511 (9th Cir. 1995), and is not required to make explicit factual findings to support its order.  *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008).  Moreover, the district court may rely on information provided in the PSR when determining a restitution amount.  *See Miguel*, 49 F.3d at 508; *see also United States v. Graham*, 72 F.3d 352, 357–58 (3d Cir. 1995).  Accordingly, the court did not err by imposing a restitution amount in step with the PSR's loss calculation.

2.  The fact that the parties objected to the PSR's restitution amount does not require reversal.  Where disputes arise over the probation officer's loss calculation, the court need only resolve them by a preponderance of the evidence.  18 U.S.C. § 3664(e).  In resolving the dispute, the court may rely on evidence that possesses "sufficient indicia of reliability to support its probable accuracy," *Waknine*, 543 F.3d at 557 (simplified), such as a PSR supported by investigative reports compiled by the FBI.  *See Graham*, 72 F.3d at 357–58.  The district court did just that here: it adopted the PSR's loss calculation, which itself was supported by information gleaned from state and federal law enforcement reports.

3.  The district court did not err by imposing a higher restitution amount than that proposed in the parties' plea agreement.  The district court is not a party to any agreement between the parties and may reject it.  *United States v. Lewis*, 979 F.2d

3

1372, 1375 (9th Cir. 1992). The parties acknowledged this fact in the plea bargain, agreeing that the loss amount could change based on evidence presented at sentencing. Moreover, the district court expressly advised Defendant that it was not a party to the plea bargain and could impose a higher restitution amount at sentencing if warranted by the evidence. And this is precisely what happened: the probation officer's investigation led her to recommend a higher loss calculation than that contemplated by the parties, and the court adopted it. Because the district court was under no obligation to follow the parties' plea bargain, it did not err in imposing the higher restitution amount recommended by the PSR.

**AFFIRMED.**